(119 So. 246)

### OUTLIN v. STATE. (6 Div. 460.)

Court of Appeals of Alabama. Dec. 18, 1928.

Mathews & Mathews, of Bessemer, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J. Appellant was convicted of the offense of manslaughter in the first degree, and given a sentence to serve two years' imprisonment in the penitentiary.

The occurrences giving rise to the killing grew out of what is commonly known in these parts as a "nigger fight." The deceased, the wife of appellant, had gone to bed with appellant in a room across a hall from the room in which was sleeping Willie Outlin, their 17 year old son. The three mentioned constituted the only occupants of the house at the time. At about 10:30 or 11 o'clock at night, while in bed together, and while it seems their minds would have been occupied with other matters, appellant and his wife got into an argument over the payment of some money due from appellant to said wife. The upshot of the argument was a lick on appellant's nose, placed there by his wife's fist. The lick delivered, she arose, went across the hall into her son's room, struck a light, procured a razor from a bag hanging on the wall, and, after informing said son that she was "going to cut him" (meaning the husband), returned again into her own room which was dark. While the mother was in the son's room, or was returning to her own, the father, the appellant, procured his shotgun in the hall, and, after the mother was in her own room, or at the door of same, or somewhere there in the darkness of the hall or the room, she was wounded from a shot from said shotgun, from the effects of which wound she died.

The son, Willie Outlin, testified at the preliminary trial of the appellant, but was dead at the time of the trial in the circuit court. His testimony at the preliminary contradicted, in a very material way, that of his father; Willie testifying that his father stood in the hall and deliberately fired the shotgun into the room where his mother was. in the darkness; the father (appellant) testifying that he and Willie were "scuffling over" the gun in Willie's room, and that it was accidentally discharged in the scuffle, the shot striking the mother, who was somewhere, undetermined by appellant, in the hall or in her own room beyond, and that her being so struck was entirely an accident, unintended by him.

After the preliminary trial Willie Outlin made a written statement, in large part recanting his testimony at the preliminary, and in said statement corroborating, in material aspects, the story told by his father. This statement was introduced in evidence on the trial in the circuit court.

Willie died, presumably from natural causes, at his father's house. There is no hint in the evidence that the appellant, who introduced respectable testimony, on his trial, tending to show that he bore an excellent reputation, had anything at all to do with the death of Willie, other than having him treated by a high-class, competent physician.

In this state of the case, the solicitor was allowed, over appellant's timely objection, to ask appellant, on his cross-examination these questions:

"How long after making this statement (the written statement above referred to as having been made by Willie Outlin after his testimony at the preliminary trial) was it before he commenced getting sick?"

"How long after you got out of jail before his (Willie Outlin's) health commenced getting bad?"

Proper exceptions were reserved. We are disposed to believe that the rulings of the court allowing these questions to be answered might have been said to have been of no consequence to appellant, had the solicitor not been allowed, likewise over appellant's timely objection, and against his motion to instruct the jury to disregard same, to say this to the jury: "It is a significant fact that that boy's (Willie Outlin's) health began to fail after this defendant was released from jail." (It should be explained

that defendant [appellant] was placed in jail immediately after the killing, and kept there until after the preliminary trial, but was released on bond sometime before his trial in the circuit court.)

The rulings of the trial court allowing the questions above to be propounded to appellant, coupled with the ruling allowing the portion of the argument quoted, to be made by the solicitor, in our opinion, constitute prejudicial error. The matter of when Willie Outlin's health began to fail, with reference to the time of the "getting out of jail" of appellant, was entirely irrelevant to any issue in the case. And while such evidence might have been also immaterial and harmless under some circumstances, yet, when the solicitor was allowed, in argument, to adroitly throw out the thinly veiled insinuation, or suggestion, that appellant might have been the cause of Willie's sickness, and death, so that he could not appear at the trial and be cross-examined about the "written statement" above mentioned, it is easy to see the greatest injury worked to appellant's rights.

The other questions presented will not likely arise on another trial. They will not here be considered.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.